**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

**BANK OF AMERICA, N.A.**                                             **PLAINTIFF**

**VS.**

**4:17-CV-000320-BRW**

**RANDAL DREW,** *et al.*                                             **DEFENDANTS**

<u>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**</u>

Defendants V3 Holdings, LLC, PARC Entertainment, LLC, PARC Operations II, LLC, PARC Services, LLC, PARC Air, LLC, PARC Myrtle Waves, LLC, PARC Myrtle Beach, LLC, PARC St. Louis, LLC, PARC Nostalgia, LLC., and PARC Pigeon Forge, LLC, (collectively "PARC Separate Entities"), together with individual Defendants Randal Drew and Deborah Drew (collectively the "Individual Defendants") and PARC Magic Springs, LLC ("PARC Magic Springs") and PARC Management, LLC ("PARC Management") by and through undersigned counsel, hereby answer the Amended Complaint of the Plaintiff as follows:

<u>**ANSWER**</u>

Defendants hereby respond to the Amended Complaint by way of like number and paragraph as follows:

1.       Admitted upon information and belief.

2.       Admitted that Defendant Randal Drew is an individual domiciled in Florida. The remaining allegations of Paragraph 2 of the Amended Complaint are denied.

3.       Admitted that Defendant Deborah Drew is an individual domiciled in Florida. The remaining allegations of Paragraph 3 of the Amended Complaint are denied.

4.       Admitted that Defendant V3 Holdings, Inc. is a Florida corporation. The remaining allegations of Paragraph 4 of the Amended Complaint are denied.

5. Admitted that Defendant PARC Magic Springs, LLC is a limited liability company organized under the laws of Florida and is registered to do business in Arkansas. The remaining allegations of Paragraph 5 of the Amended Complaint are denied.

6. Admitted that Defendant PARC Pigeon Forge, LLC is a limited liability company organized under the laws of Florida. The remaining allegations of Paragraph 6 of the Amended Complaint are denied.

7. Admitted that Defendant PARC Holdings, LLC is a limited liability company organized under the laws of Delaware. The remaining allegations of Paragraph 7 of the Amended Complaint are denied.

8. Admitted that Defendant PARC Entertainment, LLC is a limited liability company organized under the laws of Delaware. The remaining allegations of Paragraph 8 of the Amended Complaint are denied.

9. Admitted that Defendant PARC Operations II, LLC is a limited liability company organized under the laws of Florida. The remaining allegations of Paragraph 9 of the Amended Complaint are denied.

10. Admitted that Defendant PARC Services, LLC is a limited liability company organized under the laws of Florida. The remaining allegations of Paragraph 10 of the Amended Complaint are denied.

11. Admitted that Defendant PARC Air, LLC is a limited liability company organized under the laws of Delaware. The remaining allegations of Paragraph 11 of the Amended Complaint are denied.

12. Admitted that Defendant PARC Myrtle Beach, LLC is a limited liability company organized under the laws of Florida. The remaining allegations of Paragraph 12 of the Amended

Complaint are denied.

13.     Admitted that Defendant PARC St. Louis, LLC is a limited liability company organized under the laws of Florida. The remaining allegations of Paragraph 13 of the Amended Complaint are denied.

14.     Admitted that Defendant PARC Nostalgia, LLC is a limited liability company organized under the laws of Florida. The remaining allegations of Paragraph 9 of the Amended Complaint are denied.

15.     Admitted that Defendant PARC Myrtle Waves, LLC is a limited liability company organized under the laws of Florida. The remaining allegations of Paragraph 15 of the Amended Complaint are denied.

16.     The allegations of Paragraph 16 of the Amended Complaint are admitted.

17.     The allegations of paragraph 17 of the Amended Complaint are not allegations of fact but rather are conclusions of law.  As such, no response to the same are required.  To the extent a response to the same is required, the allegations are denied. Defendants further aver that the term "control" as used in this paragraph of the complaint is undefined and confusing and is therefore denied. Defendant Deborah Drew further affirmatively avers that she is neither a member or shareholder of any of the PARC Defendants and therefore denies the allegations of this paragraph.

18.     The allegations of paragraph 18 of the Amended Complaint are not allegations of fact but rather are conclusions of law.  As such, no response to the same are required.  To the extent a response to the same is required, the allegations are admitted solely for the purpose of establishing subject matter jurisdiction.

19.     The allegations of paragraph 19 of the Amended Complaint are not allegations of

fact but rather are conclusions of law.  As such, no response to the same are required.  To the extent a response to the same is required, the allegations are denied.

20.     The allegations of paragraph 20 of the Amended Complaint are not allegations of fact but rather are conclusions of law.  As such, no response to the same are required.  To the extent a response to the same is required, the allegations are denied.

21.     Defendants reallege and incorporate paragraphs 1 through 20 hereinabove as if fully stated herein.

22.     Admitted, but only to the extent of dates relevant to the Amended Complaint. Defendants further aver that they have no information or knowledge as to how the Certificate of Deposit was titled by the bank. As more specifically alleged elsewhere in the Answer and Counterclaim, Defendants affirmatively aver that in December, 2014, more than three years after Plaintiff's execution of the Acknowledgement and Consent Regarding Pledge and Security Agreement dated September 1, 2011 ("2011 BANA Pledge Consent" attached to this Answer as Exhibit A), the maintaining of the Certificate of Deposit (the "CD") in the name of "PARC Magic Springs, LLC Pledged to Regions Bank" constituted a breach of Plaintiff's contractual and fiduciary obligations under at least the 2011 BANA Pledge Agreement, and was negligent on the part of Plaintiff.

23.     With respect to the allegations of paragraph 23 of the Amended Complaint, it is admitted that the Assumption and Assignment Agreement dated September 1, 2011 and referenced in the Amended Complaint as Exhibit 1 (the "2011 CNL Assignment") is in writing, speaks for itself, and is the best evidence of its contents, but aver that the document attached as Exhibit 1 and the allegations based upon it are incomplete and misleading because the Plaintiff failed to attach Exhibit M (Pledge and Security Agreement dated as of November 1, 1999, as

amended September 1, 2003) and the 2011 BANA Pledge Consent attached to this Answer. Defendants deny any allegations of paragraph 23 of the Amended Complaint inconsistent with the 2011 CNL Assignment, including all Exhibits. Defendants specifically deny that Randal Drew was a party individually to the 2011 CNL Assignment or that he transferred or assigned the CD to CLP in any individual capacity. Defendants further deny that BANA was unaware of the 2011 CNL Assignment.

24.     Admitted that Defendant PARC Magic Springs, LLC withdrew the CD Proceeds, and that Randal Drew acted for and on behalf of PARC Magic Springs, LLC and solely in his capacity as President of PARC Magic Springs. Otherwise, the allegations of Paragraph 24 are denied. As more specifically set forth later in this Answer and Counter Claim, Defendant PARC Magic Springs was induced to withdraw the CD Proceeds as a result of Plaintiff's breach of its contractual and fiduciary obligations under at least the 2008 and 2011 BANA Pledge Consents, together with its negligence, including the sending of the 2014 Renewal Notice alleged in paragraph – of this Answer to PARC Magic Springs and the reasonable reliance of PARC Magic Springs  on Plaintiff's representation that PARC Magic Springs owned the CD and that the CD was not encumbered by any pledge to Regions Bank.

25.     The allegations of paragraph 25 of the Amended Complaint are denied. Defendant Randal Drew further avers that he did not withdraw the CD Proceeds in his individual capacity, and that his decision to withdraw the CD Proceeds for and on behalf of PARC Magic Springs was induced by Plaintiff's breach of its contractual and fiduciary obligations under at least the 2008 and 2011 BANA Pledge Consents, together with Plaintiff's negligence as set forth in this Answer, including the sending of the 2014 Renewal Notice alleged in paragraph – of this Answer to PARC Magic Springs and the reasonable reliance of PARC Magic Springs on

Plaintiff's representations that PARC Magic Springs owned the CD and that the CD was not encumbered by any pledge to Regions Bank.

26.     The allegations of paragraph 26 of the Amended Complaint are denied.

27.     The allegations of paragraph 27 of the Amended Complaint are admitted.

28.     The allegations of paragraph 28 are denied. Defendants specifically deny that Randal Drew or Deborah Drew acted in their individual capacities, and aver that Defendant PARC Magic Springs utilized the CD Proceeds (in good faith reliance upon the misrepresentation of Plaintiff) to partially pay debts owed by PARC Magic Springs to its corporate affiliates in existence as of 2010 at the time the assets of PARC Magic Springs were sold to CNL and the operations of Defendant PARC Magic Springs ceased.

29.     The allegations of paragraph 29 are denied.  Defendants aver that Regions Bank made inquiry of PARC Magic Springs regarding the CD Proceeds, and Defendant PARC Magic Springs advised Regions Bank of Plaintiff's representations that PARC Magic Springs owned the CD and was entitled to the CD Proceeds. In response, Regions Bank provided Defendant PARC Magic Springs with documentation supporting its status as pledgee of the CD, including the 2011 CNL Assignment (without exhibits), and supporting Plaintiff's knowledge that the CD was owned by CNL and pledged by CNL to Regions Bank since September 1, 2011, including the 2011 BANA Pledge Consent. After advising PARC Magic Springs that Plaintiff's representations were false, Regions Bank made informal demand upon PARC Magic Springs for return of the CD Proceeds, which the said Defendant explained it was unable to do within the compressed time frame required by Regions Bank. Regions Bank made no further demand upon any Defendant for the CD to be restored.

30.     Regarding the allegations of paragraph 30 of the Amended Complaint, this

answering Defendant is without sufficient personal knowledge and/or information to form a belief as to the same and therefore denies the same at this time.

31.     Regarding the allegations of paragraph 31 of the Amended Complaint, this answering Defendant is without sufficient personal knowledge and/or information to form a belief as to the same and therefore denies the same at this time.

32.     Regarding the allegations of paragraph 32 of the Amended Complaint as to Plaintiff's alleged subrogation rights, this answering Defendant is without sufficient personal knowledge and/or information to form a belief as to the same and therefore denies the same at this time. The remaining allegations of paragraph 32 are denied.

33.     Admitted that Plaintiff made demand for the return of the CD Proceeds, but the remaining allegations of paragraph 33 are denied.

34.     The allegations of Paragraph 34 are denied.

35.     Admitted that, upon information and belief, Plaintiff was required to restore the CD Proceeds due to Plaintiff's breach of the 2011 BANA Pledge Consent, but Defendant is without sufficient personal knowledge and/or information to form a belief as to the remaining allegations of Paragraph 35 as to the amount restored or the party receiving such funds, and therefore denies such allegations at this time.-Defendant further denies the remaining allegations of paragraph 35, and specifically denies that any Defendant wrongfully took possession of the CD Proceeds, or that any such funds were disbursed by the Plaintiff to Defendant Randal Drew in his individual capacity. Defendants further aver that any requirement of Plaintiff to restore the CD Proceeds was caused by Plaintiff's breach of its obligations to CNL and Regions Bank as set forth in the 2011 BANA Pledge Consent, and not by the conduct of any Defendant.

36.     With respect to the allegations of paragraph 36 of the Amended Complaint, it is

admitted that the Settlement Agreement referenced in the Amended Complaint is in writing and is attached as Exhibit 2 to the Amended Complaint, speaks for itself, and is the best evidence of its contents. Defendants deny any allegations of paragraph 36 of the Amended Complaint inconsistent with the Settlement Agreement.

37.     With respect to the allegations of paragraph 37 of the Amended Complaint, it is admitted that the Settlement Agreement is in writing, speaks for itself, and is the best evidence of its contents. Defendants deny any allegations of paragraph 37 of the Amended Complaint inconsistent with the Settlement Agreement.

38.     The allegations of paragraph 38 of the Amended Complaint are admitted.

39.     The allegations of paragraph 39 of the Amended Complaint are admitted.

40.     The allegations of paragraph 40 of the Amended Complaint are denied.

41.     The allegations of paragraph 41 of the Amended Complaint are not allegations of fact but rather are conclusions of law.  As such, no response to the same are required.  To the extent a response to the same is required, the allegations are denied.

42.     The allegations of paragraph 42 are admitted as to PARC Magic Springs, denied as to all other Defendants. Defendants aver that the Settlement Agreement only required PARC Magic Springs to make the Second Installment.

43.     With respect to the allegations of paragraph 43 of the Amended Complaint, it is admitted that the First Amendment to the Settlement Agreement is in writing and attached as Exhibit 3 to the Amended Complaint, speaks for itself, and is the best evidence of its contents. Defendants deny any allegations of paragraph 43 of the Amended Complaint inconsistent with the First Amendment to the Settlement Agreement.

44.     With respect to the allegations of paragraph 44 of the Amended Complaint, it is

admitted that the First Amendment to the Settlement Agreement is in writing, speaks for itself, and is the best evidence of its contents. Defendants deny any allegations of paragraph 44 of the Amended Complaint inconsistent with the First Amendment to the Settlement Agreement.

45. The allegations of paragraph 45 are admitted as to PARC Magic Springs, denied as to all other Defendants. Defendants aver that the Settlement Agreement only required PARC Magic Springs to make the Second Installment.

46. With respect to the allegations of paragraph 46 of the Amended Complaint, it is admitted that the Second Amendment to the Settlement Agreement is in writing and attached as Exhibit 4 to the Amended Complaint, speaks for itself, and is the best evidence of its contents. Defendants deny any allegations of paragraph 46 of the Amended Complaint inconsistent with the Second Amendment to the Settlement Agreement.

47. With respect to the allegations of paragraph 47 of the Amended Complaint, it is admitted that the Second Amendment to the Settlement Agreement is in writing, speaks for itself, and is the best evidence of its contents. Defendants deny any allegations of paragraph 47 of the Amended Complaint inconsistent with the Second Amendment to the Settlement Agreement.

48. With respect to the allegations of paragraph 48 of the Amended Complaint, it is admitted that the Second Amendment to the Settlement Agreement is in writing, speaks for itself, and is the best evidence of its contents. Defendants deny any allegations of paragraph 48 of the Amended Complaint inconsistent with the Second Amendment to the Settlement Agreement.

49. With respect to the allegations of paragraph 49 of the Amended Complaint, it is admitted that the Second Amendment to the Settlement Agreement is in writing, speaks for itself, and is the best evidence of its contents. Defendants deny any allegations of paragraph 49 of the Amended Complaint inconsistent with the Second Amendment to the Settlement Agreement.

50.     With respect to the allegations of paragraph 50 of the Amended Complaint, it is admitted that the Second Amendment to the Settlement Agreement is in writing, speaks for itself, and is the best evidence of its contents. Defendants admit that the Second Installment was not paid to Plaintiff by December 15, 2016, but deny any allegations of paragraph 50 of the Amended Complaint inconsistent with the Second Amendment to the Settlement Agreement.

## Count One – Breach of Contract (the Settlement Agreement)

51.     Defendants reallege and incorporate paragraphs 1 through 50 hereinabove as if fully stated herein.

52.     The allegations of paragraph 52 of the Amended Complaint are admitted and Defendants further aver that pursuant to the terms of the Settlement Agreement upon the occurrence of a default the Agreement became null and void, and the Parties were permitted to pursue and defend any claims made between them without prejudice as if the Settlement Agreement were of no effect.

53.     The allegations of paragraph 53 of the Amended Complaint are denied.

54.     The allegations of paragraph 54 of the Amended Complaint are denied.

55.     The allegations of paragraph 55 of the Amended Complaint are denied.

56.     The allegations of paragraph 56 of the Amended Complaint are denied.

## Count Two – Breach of Contract (the Assignment and Assumption)

57.     Defendants reallege and incorporate paragraphs 1 through 56 hereinabove as if fully stated herein.

58.     Regarding the allegations of paragraph 58 of the Amended Complaint, this answering Defendant is without sufficient personal knowledge and/or information to form a belief as to the same and therefore denies the same at this time.  Further, this Defendant avers

that the Plaintiff has failed to attach within the exhibits to its Amended Complaint any documentation of its alleged subrogation rights.

59.     Regarding the allegations of paragraph 59 of the Amended Complaint, this answering Defendant is without sufficient personal knowledge and/or information to form a belief as to the same and therefore denies the same at this time.

60.     With respect to the allegations of paragraph 60 of the Amended Complaint, it is admitted that the 2011 CNL Assignment referenced in the Amended Complaint is in writing, speaks for itself, and is the best evidence of its contents, but aver that the document attached as Exhibit 1 is incomplete and misleading as set forth in paragraph 23 of this Answer.  Defendant, Randal Drew, specifically denies that he transferred and assigned the CD as alleged or took any action with respect thereto in his individual capacity.  Otherwise, the Defendants deny any allegations of paragraph 60 of the Amended Complaint inconsistent with the 2011 CNL Assignment in its complete form.

61.     The allegations of paragraph 61 of the Amended Complaint are denied.

62.     Regarding the allegations of paragraph 62 of the Amended Complaint, this answering Defendant is without sufficient personal knowledge and/or information as to Plaintiff's alleged status as subrogee to form a belief as to the same and therefore denies the same at this time. Defendant further denies the remaining allegations of paragraph 62 of the Amended Complaint.

63.     The allegations of paragraph 63 of the Amended Complaint are denied.

### Count Three – Constructive Fraud and/or Actual Fraud

64.     Defendants reallege and incorporate paragraphs 1 through 63 hereinabove as if fully stated herein.

65.     The allegations of paragraph 65 of the Amended Complaint are denied.

66.     The allegations of paragraph 66 of the Amended Complaint are denied.

67.     The allegations of paragraph 67 of the Amended Complaint are denied.

68.     The allegations of paragraph 68 of the Amended Complaint are denied.

69.     The allegations of paragraph 69 of the Amended Complaint are denied.

70.     The allegations of paragraph 70 of the Amended Complaint are denied.

71.     The allegations of paragraph 71 of the Amended Complaint are denied.

72.     Certain of the allegations of paragraph 72 of the Amended Complaint are not allegations of fact but rather conclusions of law.  As such, no response to the same are required. To the extent a response to the same is required, it is denied that any cause of action exists against any of the Defendants under this Count Three of the Amended Complaint.

### Count Four - Conversion

73.     Defendants reallege and incorporate paragraphs 1 through 72 hereinabove as if fully stated herein.

74.     The allegations of paragraph 74 of the Amended Complaint are denied.

75.     The allegations of paragraph 75 of the Amended Complaint are denied.

76.     The allegations of paragraph 76 of the Amended Complaint are denied.

77.     Admitted to the extent that Randal Drew is a licensed attorney. All other allegations of paragraph 77 of the Amended Complaint are denied.

78.     The allegations of paragraph 78 of the Amended Complaint are denied.

### Count Five – Unjust Enrichment

79.     Defendants reallege and incorporate paragraphs 1 through 78 hereinabove as if fully stated herein.

80.     The allegations of paragraph 80 of the Amended Complaint are denied.

81.     The allegations of paragraph 81 of the Amended Complaint are denied.

82.     The allegations of paragraph 82 of the Amended Complaint are denied.

83.     The allegations of paragraph 83 of the Amended Complaint are denied.

84.     The allegations of paragraph 84 of the Amended Complaint are denied.

85.     The allegations of paragraph 85 of the Amended Complaint are denied.

86.     The allegations of paragraph 86 of the Amended Complaint are denied.

87.     The allegations of paragraph 87 of the Amended Complaint are not allegations of fact but rather conclusions of law.  As such, no response to the same are required.  To the extent a response to the same is required, it is denied that Plaintiff is entitled to any of the requested relief.

88.     The allegations of paragraph 88 of the Amended Complaint are not allegations of fact but rather conclusions of law.  As such, no response to the same are required.  To the extent a response to the same is required, it is denied that Plaintiff is entitled to any of the requested relief.

89.     The allegations of paragraph 89 of the Amended Complaint are not allegations of fact but rather conclusions of law.  As such, no response to the same are required.

## AFFIRMATIVE DEFENSES

Plaintiff is not entitled the relief it seeks based on the following affirmative defenses. By pleading any matter as an affirmative defense, Borrowers do not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under applicable law. These defenses are based on the information currently available to the Defendants, and the Defendants reserve

the right to assert additional defenses upon discovery of additional information.

## FACTS COMMON TO ALL DEFENSES

Defendants incorporate and infer as to all defenses all factual allegations as described in Paragraphs 8 - 47 of the Defendants Counterclaims.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state a claim for which relief may be granted as to some or all of their claims for relief.

## SECOND DEFENSE
### (No Standing)

Plaintiff lacks standing to assert the claims contained in the Amended Complaint, to the extent they have failed to demonstrate they have subrogated the rights of Regions Bank and CLP in the Certificate of Deposit Proceeds and is entitled to recover the Certificate of Deposit Proceeds as a result.

## THIRD DEFENSE
### (Equitable Estoppel)

Plaintiff's claims are barred by the Doctrine of Equitable Estoppel. Defendants allege that the injuries, loss, or damage sustained by Plaintiff, if any (which have been and are once again denied) was either wholly or in part caused by persons, firms, corporations, and/or entities other than the Defendants.

## FOURTH DEFNESE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred or abated substantially by virtue of its failure to mitigate damages. Plaintiff failed to exercise reasonable care to avoid or reduce damages to the extent that Plaintiff is entitled to any damages, which has been and is once again denied, Defendants are

entitled to receive a credit or offset for all amounts due to Plaintiffs from damages sustained by Defendants as alleged in Defendants' Counterclaims herein below.

### FIFTH DEFENSE
(Breach of Contract)

Plaintiff's claims are barred or abated substantially by virtue of its own material breach of the 2011 BANA Pledge Consent.

### SIXTH DEFENSE
(Invalid Contract)

As to Count One specifically, Plaintiff's claim is barred as the Settlement Agreement and any subsequent Amendments are null and void due to non-payment of the Second Installment.

### SEVENTH DEFENSE
(Contributory Negligence)

Any legal cognizable injury or damage that Plaintiff has suffered, to extent any was suffered, which Defendants deny, was caused either in whole or part by the Defendants gross negligence.  Plaintiffs are barred or abated substantially from recovery.

### EIGHTH DEFENSE
(Waiver)

Plaintiff has waived and is estopped from asserting claims against Defendants by its own actions or omissions with respect to the events recited in the Amended Complaint and its failure to adequately protect its own interests.

### NINTH DEFENSE
(Unclean Hands)

Plaintiff's claims are barred or abated substantially by the doctrine of unclean hands.

### TENTH DEFENSE
(Offset)

Defendants are entitled to a credit and/or offset for any funds received by Plaintiff as a

result of the payments made under the Settlement Agreement, as amended. To the extent Plaintiff's claim to be entitled to attorneys' fees and to the extent Plaintiff is awarded such fees, those fees should be limited to the lesser of either the actual attorneys' fees incurred or the amount at which such fees are capped by applicable law.

## ELEVENTH DEFENSE
### (Statute of Limitations)

The Plaintiff seeks recovery as to certain claims time barred by the statute of limitations.

## TWELFTH DEFENSE
### (Reservation of Rights to Add Defenses)

Defendants reserve the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

## COUNTERCLAIM

Defendants by and through undersigned counsel, hereby Counterclaim of Plaintiff as follows:

## PARTIES

1.      Plaintiff – Counterdefendant Bank of America, N.A. ("BANA") is a national baking association organized and existing under the laws of the United States of America and has a principal place of business in Charlotte, North Carolina, BANA conducts business in Arkansas and has a main office in Little Rock, Arkansas.

2.      Defendant – Counterplaintiff Randal Drew is an individual domiciled in Jacksonville, Florida.

3.      Defendant – Counterplaintiff Deborah Drew is an individual domiciled in Jacksonville, Florida, and at all times relevant hereto has never conducted business in the state of Arkansas.

4.      Defendant – Counterplaintiff PARC Magic Springs LLC is a limited liability company organized under the laws of Florida and authorized to do business in Arkansas.

## JURISDICTION and VENUE

5.      The Court has jurisdiction over the subject matter of this cause of action pursuant to 28 U.S.C. § 1334(a)(2) in that BANA and the defendants - counterplaintiffs are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      The Court has jurisdiction over the parties pursuant to a Settlement

Agreement which provides that several of the parties consent to the jurisdiction of any state

or federal court in Arkansas.

7.      Venue is proper in this District pursuant to 28 U.S.C§ 1391 (b)(2) and by agreement of several parties.

## FACTUAL ALLEGATIONS

8.      Deborah Drew started her employment in her capacity as Executive Vice President of Counterplaintiff PARC Magic Springs on or about September 6, 2011. At no time did Deborah Drew participate in the negotiations for or preparation of any of the agreements related to PARC Magic Springs executed on or about September 1, 2011 or previously thereto.

9.      At all times material hereto, Defendant Deborah Drew has had no ownership interest in any of the Defendant PARC Entities, and any actions taken by Defendant Deborah Drew in 2014 related to the Certificate of Deposit at issue in this were taken solely in her capacity as an employee.

10.      In 2008 Defendant PARC Magic Springs acquired the assets of Magic Springs Development Co., LLC ("MSDC"). These assets were used to operate the theme park known as "Magic Springs" in Hot Springs, Arkansas.

11.     Deborah Drew started her employment in her capacity as Executive Vice President of Counterplaintiff PARC Magic Springs on or about September 6, 2011. At no time did Deborah Drew participate in the negotiations for or preparation of any of the agreements related to PARC Magic Springs executed on or about September 1, 2011 or previously thereto.

12.     At all times material hereto, Defendant Deborah Drew has had no ownership interest in any of the Defendant PARC Entities including PARC Magic Springs, and any actions taken by Defendant Deborah Drew in 2014 related to the Certificate of Deposit at issue in this were taken solely in her capacity as an employee.

13.     In 2010, as part of a larger transaction in which multiple PARC affiliates sold, assigned and transferred the assets of various operating entities to multiple CNL related entities, Defendant PARC Magic Springs sold, assigned and transferred its assets to CNL Income Magic Spring, LLC ("CNL") and ceased operation of the Magic Springs theme park (the "2010 Asset Transfer to CNL"). The Amended Complaint attaches as Exhibit 1 a copy of the Assignment and Assumption Agreement dated September 1, 2011 in which CNL, *inter alia,* assumed certain obligations of PARC Magic Springs under loan and other agreements recited therein (the "2011 CNL Assignment".)

14.     As part of PARC Magic Springs' 2008 acquisition from MSDC, PARC assumed the obligations of MSDC under an agreement referred to as the "2003 Reimbursement Agreement" in the 2011 CNL Assignment. The 2003 Reimbursement Agreement was secured in part by Certificate of Deposit Account Number 910 001 1142 0698 (the "CD" or "Certificate of Deposit") in the amount of $1,270,006.21 issued by Plaintiff to PARC Magic Springs and pledged to Regions Bank pursuant to the "BANA/CD Pledge Agreement" recited and referred to in paragraph 1.7 of the 2011 CNL Assignment, a copy of which is attached without exhibits to the Amended Complaint as Exhibit 1. [The BANA/DC Pledge Agreement is listed as Exhibit M to the 2011 CNL Assignment, but was not attached by Plaintiff in its Exhibit 1 to the Amended Complaint.]

15. The CD was owned by MSDC prior to being sold and transferred to PARC Magic Springs as part of the 2008 asset acquisition.

16.     In 2008, Plaintiff executed an Acknowledgement and Consent ("2008 BANA Pledge Consent") (See attached Exhibits), in which Plaintiff expressly acknowledges itself as the Issuer of Certificate of Deposit Account Number 910 001 1142 0698 to the order of PARC Magic Springs.

17.     Plaintiff further represented, warranted and covenanted to Regions Bank and the Secured Parties that it registered the pledge and security agreement for the benefit of Regions Bank and that unless notified by Regions Bank that the pledge was terminated, Plaintiff would not allow any modification of the CD without the prior written approval of Regions Bank. In furtherance of the 2008 BANA Pledge Consent, Plaintiff re-issued the CD in the name of "PARC Magic Springs, LLC Pledged to Regions."

18.     Upon information and belief, CNL, as Pledgor, and Regions Bank as Pledgee, entered into a Pledge and Security Agreement dated September 1, 2011, together with certain named Secured Parties ("2011 CNL Pledge Agreement."). This 2011 CNL Pledge Agreement, to which none of the Defendants are a party. (See Attached Exhibits).

19.     Upon information and belief, in furtherance of the 2011 CNL Pledge Agreement, Plaintiff executed an Acknowledgement and Consent Regarding Pledge and Security Agreement dated September 1, 2011 by and between Plaintiff as Issuer of the CD, CNL as purported owner of the CD and Pledgor, for the express benefit of Regions Bank and the named secured parties.  A copy of this Acknowledgement and Consent Regarding Pledge and Security Agreement (See attached Exhibits).

20.     Contrary to the allegation in paragraph – of the Amended Complaint that Plaintiff was unaware of the purported ownership of the CD by CNL as of September 1, 2011, in the 2011 BANA Pledge Consent, Plaintiff expressly acknowledged it was the Issuer of Certificate of Deposit Account Number 910 001 1142 0698 to the order of CNL. 15.     21.     Plaintiff further represented, warranted and covenanted to Regions Bank and the Secured Parties that the CD was, as of September 1, 2011, the

legal, valid and binding obligation of Plaintiff as the Issuer and that Plaintiff registered the pledge and security agreement for the benefit of Regions Bank as Pledgee, with CNL as Pledgor.

22.     Plaintiff further represented, warranted, and covenanted to Regions Bank as pledgee that "[u]ntil notified by the [Regions] Bank or any successor pledgee of the Certificate of Deposit that the Pledge Agreement has been terminated, the Issuer shall not, without obtaining the prior written consent of the [Regions] Bank, cause, suffer or permit the Certificate of Deposit to be amended or modified in any manner. No such purported amendment of the Certificate of Deposit without the written consent of the Bank or such other holder shall be of any force or effect."

23.     Upon information and belief, Regions Bank never notified Plaintiff that the Pledge Agreement was terminated.

24.     Upon information and belief, Plaintiff failed to honor the representations, warranties, and covenants set forth in the 2011 BANA Pledge Consent by (a) failing to re-issue Certificate of Deposit Account Number 910 001 1142 0698 to the order of CNL, (b) failing to register the pledge and security interest of Regions Bank as required by the 2011 BANA Pledge Consent, and (c) failing to obtain the prior written consent of Regions Bank prior to distributing the CD Funds to PARC Magic Springs.

25.      For more than three years after executing the 2011 CNL Pledge Agreement and 2011 BANA Pledge Consent, Plaintiff failed, and CNL and/or Regions Bank failed or were unable to or were prevented by Plaintiff from being able to follow-up or confirm that the CD had been re-issued in the name of CNL and pledged to Regions Bank. The 2011 CNL Pledge Agreement recites that the CD matured November 3, 2011, approximately sixty days after execution of this agreement, yet for a period of more than three years none of the parties ensured that the CD was renewed in the name of CNL with a pledge to Regions Bank.

26.     As a direct and proximate result of Plaintiff's breach of the 2011 BANA Pledge Consent, on or about December 4, 2014, PARC Magic Springs, LLC received at its offices in Jacksonville, Florida

a notice from Plaintiff that the Certificate of Deposit Account Number 910 001 1142 0698 (the "CD") in the name of "PARC Magic Springs, LLC Pledged to Regions Bank" in the amount of $1,274,619.40 had been automatically renewed for a term maturing November 22, 2015 ("BANA 2014 CD Renewal Notice"). A copy of the BANA 2014 CD Renewal Notice is attached hereto.

27.     None of the Defendants requested or otherwise solicited the BANA 2014 CD Renewal Notice.

28.     During the negotiations for the 2010 Asset Transfer to CNL, options were discussed which would have allowed PARC Magic Springs to retain ownership of the CD and for the pledge to Regions Bank to be released upon the substitution of collateral by CNL to secure the 2003 Reimbursement Agreement assumed by CNL under the 2011 CNL Assignment attached as Exhibit 1 to the Amended Complaint. In fact, the language of the 2011 CNL Assignment can be interpreted to allow for this option to occur after September 1, 2011.

29.     With the passage of approximately four years since the 2010 Asset Transfer to CNL, and more than three years since the execution of the 2011 CNL Assignment, the employees and in-house counsel directly responsible for negotiating and preparing the 2011 CNL Assignment on behalf of PARC Magic Springs were no longer employed by the PARC Entities.

30.     Receipt of the BANA 2014 Renewal Notice created confusion as to the status of the Certificate of Deposit. Randal Drew, acting for and on behalf of Defendant – Counterplaintiff PARC Magic Springs, was unable to recall whether title to the CD was assigned to CNL and whether the pledge to Regions Bank had been released. He therefore directed a review of the corporate records to determine the status of the Certificate of Deposit referenced in the BANA 2014 CD Renewal Notice.

31.     The corporate record review did not reveal receipt by PARC Magic Springs of the executed 2011 CNL Assignment attached as Exhibit 1 to the Amended Complaint or other documents reflecting the result of the negotiations regarding the disposition of the CD.

32.     Uncertain of its rights under the CD, in light of receipt of the 2014 CD Renewal Notice and the inability to locate an executed copy of the 2011 CNL Assignment or other related documents, and believing that Plaintiff's contractual and fiduciary duties would place Plaintiff in the best position to know the status of the CD, PARC Magic Springs called the phone number on the 2014 CD Renewal Notice to inquire of Plaintiff as to the both the status of the title of the CD and the pledge to Regions Bank.

33.     Plaintiff advised PARC Magic Springs that Randal Drew was the only authorized representative for PARC Magic Springs and he would be required to present his identification at the local branch office of the Plaintiff to request and receive any information about the CD.

34.     Randal Drew, as the authorized representative of Defendant PARC Magic Springs, and acting for and on behalf of PARC Magic Springs, met with a bank officer at the local branch in Jacksonville, Florida to present both the required identification and the inquiry as to the status of the CD.

35.     In response to the inquiry of PARC Magic Springs, Plaintiff advised Defendant PARC Magic Springs that the CD records were maintained in another state, and the division responsible for CDs would need to research the status of both the title and the pledge. Plaintiff did not ask for or receive any representation from PARC Magic Springs as to the status of either the title to the CD or the pledge.

36.     Plaintiff thereafter informed PARC Magic Springs that it had completed its research and determined that the CD was the property of PARC Magic Springs, LLC and was not encumbered by a pledge to Regions Bank or any other party despite the fact that the CD was listed in the records of Plaintiff as "PARC Magic Springs, LLC Pledged to Regions." Plaintiff prepared for signature by PARC Magic Springs the "CD Withdrawal Confirmation" attached hereto and incorporated herein as Exhibit C.

37.     At no time did PARC Magic Springs or any other Defendant present any document to Plaintiff other than the BANA 2014 Renewal Notice shown to Plaintiff by PARC Magic Springs, together with the required proof of identity.

38.     In reasonable reliance upon the misrepresentations made by BANA, PARC Magic Springs withdrew the proceeds of the CD ("CD Proceeds") on or about December 10, 2014 and utilized such funds in good faith to pay debt owed to corporate affiliates of PARC Magic Springs at the time of the 2010 Transfer of Assets to CNL.

39.     In February, 2015, PARC Magic Springs was contacted by parties to the 2011 CNL Assignment regarding the withdrawal of the CD Funds. After explaining the foregoing series of events, PARC Magic Springs was presented with an executed copy of the 2011 CNL Assignment, without exhibits, to which PARC Magic Springs and PARC Management were parties.

40.     The 2010 Transfer of Assets from PARC Magic Springs to CNL was part of a larger transaction in which multiple PARC entities sold, assigned and transferred assets of operating entities to CNL entities. It was customary for employees and in-house counsel for these PARC affiliates to negotiate agreements related to this overall transaction and prepare documents for Randal Drew's signature. Mr. Drew signed many such documents in connection with the 2010 Transfer of Assets, and related winding down of the operations, and often executed such documents without reading them. None of these employees or in-house counsel remained with PARC after the down-sizing which followed the sale of these operating entities.

41.     As a direct and proximate result of the Plaintiff's failure to honor the representations, warranties and covenants set forth in the 2011 BANA Pledge Consent, Plaintiff wrongfully sent to PARC Magic Springs the 2014 CD Renewal Notice, created confusion for PARC Magic Springs as to its rights under the CD, and caused PARC Magic Springs to rely to its detriment on Plaintiff's misrepresentation that PARC Magic Springs was the rightful owner of the CD, that the CD was unencumbered by any pledge, and that PARC Magic Springs was entitled to receive the CD Funds.

42.     Defendant PARC Magic Springs has been damaged by its reasonable reliance upon Plaintiff's negligent representations.

43.     Upon receipt of the 2011 CNL Assignment, Defendant PARC Magic Springs was unable to restore the Certificate of Deposit within the time frame demanded because the Certificate of Deposit Funds had already been used in good faith reliance on Plaintiff's misrepresentations to repay preexisting debt of that Defendant.

44.     Defendants were thereafter subjected to wrongful and aggressive harassment and intimidation by Plaintiff, especially in the making of exaggerated and meritless threats against parties with no reasonable potential liability.

45.     After paying more than $210,000 to Plaintiff, and continuing to seek funding to pay the Second Installment, Plaintiff without notice filed the instant action, engaged in unprofessional conduct designed to prejudice Defendants, and included false and defamatory allegations against the Defendants for the purpose of wrongfully intimidating Defendants.

46.     Defendants have suffered economic losses and have otherwise been harmed by Plaintiff's abuse of process and the making of false and baseless claims.

47.     Plaintiff's claims that it was unaware of the pledge interest of Regions Bank or the title interest of CNL is particularly egregious given the 2008 and 2011 BANA Pledge Consents, and Plaintiff's resulting contractual and fiduciary responsibility to not only re-issue the Certificate of Deposit in the name of CNL, but register the pledge for the benefit of Regions Bank (with CNL, not PARC Magic Springs as the Pledgor) and not allow any withdrawal of the CD without the prior written approval of Regions Bank. Plaintiff has created a fiction that it was deceived when in fact it was itself negligent. Plaintiff has further made false and misleading allegations in an attempt to cover up its own wrongful conduct.

## COUNT ONE

### (Breach of Contract)

48.     Defendants hereby allege the allegations of paragraph 1 through 47 as if fully set forth herein.

49.     In 2008, Plaintiff executed the 2008 BANA Pledge Consent and agreed to register the pledge in favor of Regions and prevent any modification of the CD, including withdrawal of the CD, without the written authorization from Regions Bank, and preserve the pledge until such time as Regions Bank provided notice that the pledge was terminated.

50.     The 2011 BANA Pledge Consent had the effect of terminating the pledge granted by PARC Magic Springs in 2008, and replacing it with the pledge granted by CNL.

51.     Contrary to its allegations in the Amended Complaint, Plaintiff was aware that the CD was pledged by PARC Magic Springs to Regions Bank as admitted in paragraph XX of the Complaint, and reflected in the Exhibits hereto.

52. Plaintiff's conduct in releasing the pledge granted by PARC Magic Springs and failing to register the pledge granted by CNL a breach of Plaintiff's contractual and fiduciary duties to PARC Magic Springs, CNL and Regions Bank.

53.     Plaintiff's breach of its contractual and fiduciary responsibilities, which continued for more than three years after it executed the 2011 BANA Pledge Consent, created confusion and uncertainty as to the rights of PARC Magic Springs as set forth in the paragraphs above.

54.     But for Plaintiff's improper conduct in sending the 2014 CD Renewal Notice and misrepresenting to PARC Magic Springs that PARC Magic Springs was the rightful owner of the CD, that the CD was unencumbered by any pledge, and that PARC Magic Springs was entitled to withdraw the CD Proceeds, Plaintiff would not have accepted the CD Proceeds.

55.     Regardless of any conduct on the part of Defendant, Plaintiff breached its obligations under the 2008 and 2011 BANA Pledge Consents by failing to change its records to reflect CNL as the

owner of the Certificate of Deposit, by releasing the pledge to Regions Bank granted by PARC Magic Springs and failing to register the pledge to Regions Bank granted by CNL, and by failing to maintain proper books and records as to was required to do as a banking institution issuing certificates of deposit, and having contractual and fiduciary obligations to honor and protect the rights of the CD owners and secured parties.

56.     As a direct and proximate result of Plaintiff's wrongful conduct, and in reliance on the misrepresentations of Plaintiff, Defendant PARC Magic Springs received the CD Proceeds believing them to be the rightful funds of PARC Magic Springs, and thereafter used them to pay debt to its affiliate.

57.     Certain of the Separate Entities properly received portions of the CD Proceeds from affiliates and used them to pay debt or support operations. As a result, to the extent repayment of the CD Proceeds was demanded by Plaintiff or any other person (regardless of whether such party had any legal obligation to disgorge such funds), and civil action threatened, the Defendants were harmed by an inability to pay combined with the pressure to respond to the aggressive and harassing threats of Plaintiff and the making of false and misleading accusations against the Separate Entities and the Individual Defendants for the purpose of intimidating and harassing such Defendants, and concealing its own wrongful conduct.

58.     As a direct and proximate result of Plaintiff's wrongful conduct, Defendants have suffered actual and direct damages in an amount which will be proven at trial but which is believed to be in excess of $75,000.00.

## COUNT TWO

### (Breach of Duty of Good Faith and Fair Dealing)

59.     Defendants hereby allege the allegations of paragraph 1 through 58 as if fully set forth herein.

60.     Implicit in the 2008 and 2011 BANA Pledge Consents, as amended, was the fact that the parties owed each other a duty to act in good faith and to be fair in their dealings with one another under the 2008 and 2011 BANA Pledge Consents.

61.     The Plaintiff breached its duty of good faith and fair dealing as set forth in above and in other ways as will be shown at the trial of this matter.

62.     As a direct and proximate result of the Plaintiff's conduct, Defendants have suffered actual and direct damages in an amount to be proven at trial but which is in excess of $75,000.00 and Plaintiff is liable to Defendants as a result of the same.

## COUNT THREE

### (Negligent Misrepresentation)

63.     Defendants hereby allege the allegations of paragraph 1 through 62 as if fully set forth herein.

64.     As set forth above, Plaintiff made multiple misrepresentations of fact. Those misrepresentations are set more particularly above and include but are not limited to advising PARC Magic Springs that it had completed its research and determined that the CD was the property of PARC Magic Springs, LLC and was not encumbered by a pledge to Regions Bank or any other party.

65.     Upon information and belief, Defendants knew or should have known at the time that said representations were not only false but also in breach of Plaintiff's contractual and fiduciary duties under the 2008 and 2011 BANA Pledge Consents, as well as laws applicable to banking institutions who issue certificates of deposits and register pledges for the benefit of secured parties.

66.     Defendant PARC Magic Springs reasonably relied to its detriment on such negligent misrepresentations, as did each Defendant directly or indirectly distributing or receiving any portion of the CD Proceeds.

67.     Plaintiff knew that Defendants were likely to rely on its representations and made such misrepresentations with the intent or knowledge that they would be relied upon.

68.     As a result of Plaintiff's conduct in sending the 2014 CD Renewal Notice more than three years after Plaintiff executed the 2011 Acknowledgement, and thereafter misrepresenting to PARC Magic Springs that it was the rightful owner of the unencumbered CD Proceeds, Plaintiff conduct was a superseding intervening cause in PARC Magic Springs becoming uncertain of its rights under the CD and accepting the CD Proceeds. Regardless of any conduct by any Defendant, Plaintiff had a duty to Defendant PARC Magic Springs, CNL, and Regions Bank to know the status of the CD, honor the pledge to Regions Bank and not allow the withdrawal of the CD without the prior written permission from Regions Bank, and otherwise honor its contractual and fiduciary duties with respect to the CD.

69.     Plaintiff's conduct alleged in paragraphs constitutes a breach of Plaintiff's duty and was the proximate cause of its own damages as well as damages to Defendants.

70.     As a direct and proximate result of the Plaintiff's conduct, Defendants have suffered actual and direct damages in an amount to be proven at trial but which is in excess of $75,000.00 and Plaintiff is liable to Defendants as a result of the same.

## COUNT FOUR

### (Breach of Fiduciary Duty)

71.     Defendants hereby allege the allegations of paragraph 1 through 70 as if fully set forth herein.

72.     Plaintiff – Counterdefendant owed a fiduciary duty to Defendants. At all relevant times, there was a unique condition of trust and confidence between Plaintiff and Defendants. Plaintiff its agents and employees, possessed superior knowledge, skill and/or expertise as to the CD. Plaintiff knew or should have known that they were providing sophisticated banking services to Defendants, and that

Defendants were uniquely vulnerable to economic harm and detriment which would surely arise should the Plaintiff provide improper advice or information.

73.      At all relevant times, Defendants placed their trust and faith in Plaintiff and the advice and information provided by Plaintiff. This reliance and relationship created a special duty of care owed by Plaintiff to the Defendants.

74.      Plaintiff breached their fiduciary duties and obligations to Defendants.

75.      As a direct and proximate result of the Plaintiff's breach of fiduciary duties, Defendants have suffered economic harm and other damages in an amount to be proven at trial but which is in excess of $75,000.00 and Plaintiff is liable to Defendants as a result of the same.

## COUNT FIVE

### (Abuse of Process)

76.      Defendants hereby allege the allegations of paragraph 1 through 75 as if fully set forth herein.

77.      Plaintiff – Counter defendant initiated a civil action against Defendants seeking damages and asserting numerous claims for relief including but not limited to conversion and constructive fraud and actual fraud.

78.      Upon information and belief, Plaintiff knows that it is not entitled to relief, particularly upon allegations of fraud and conversion. Defendants further allege that Plaintiff made such allegations and brought the instant action as a method to cover up its own breaches and misconduct.

79.      Prior to filing this counterclaim, Defendants warned Plaintiff that alleging fraud would cause them irreparable harm and that there was no colorable claim for such allegations.

80.     Plaintiff's actions constitute the civil tort of Abuse of Process in that its use of process was not proper and was willful. Plaintiff's use of process in the instant action was perverted and vexatious that it renders the proceeding "perverted to accomplish an ulterior purpose for which the proceeding was not designed."

81.     As a direct and proximate result of the Plaintiff's Abuse of Process, Defendants have suffered economic harm and other damages in an amount to be proven at trial but which is in excess of $75,000.00 and Plaintiff is liable to Defendants as a result of the same.

**WHEREFORE,** Defendants-Counterplaintiffs having fully responded to the Amended Complaint of the Plaintiff and having counterclaimed of the Plaintiff as set forth herein above, pray the Court as follows:

1.      That Plaintiff's Amended Complaint be dismissed with prejudice and that Plaintiff have and recover nothing of the Defendants by way of this action or otherwise;

2.      That judgment be entered in favor of Defendants as against the Plaintiff in an amount to be proven at trial, along with any applicable post-judgment interest at the legal rate;

3.      That Defendants be awarded actual and consequential damages as appropriate;

4.      That the costs of this action be taxed against the Plaintiff as permitted by law, including Defendants' reasonable attorneys' fees;

5.      For a trial by jury on issues so triable; and

6.      For such other and further relief as the Court shall deem just and proper.

Dated this 8th day of December, 2017.


                                        /s/ Brian Mahany

                                        Brian Mahany

Mahany Law
8112 W. Bluemound Rd. Ste. 101
Wauwatosa, WI 53213

/s/ Bruse Loyd

Bruse Loyd
Jones Gillaspia Loyd, LLP
4400 Post Oak Parkway, Suite 2360
Houston, TX 77027
Telephone: (713) 225-9000
Fax: (713-225-6126
Email: bruse@jgl-law.com
Attorney for the Defendants